Ray MARSHALL, Secretary of Labor, United States Department of Labor, Plaintiff,

v.

CEDAR LAKE SAND AND GRAVEL CO. INC., Defendant.

No. 79–C–181.

United States District Court, E. D. Wisconsin.

Nov. 9, 1979.

Joan F. Kessler, U. S. Atty. by Charles H. Bohl, Asst. U. S. Atty., Milwaukee, Wis., Alan H. Yamamoto, U. S. Dept. of Labor, Arlington, Va., for plaintiff.

Kraemer & Binzak by Stephen C. Raymonds, Menomonee Falls, Wis., for defendant.

## DECISION and ORDER

MYRON L. GORDON, District Judge.

The plaintiff, pursuant to 30 U.S.C. § 818, has moved for a preliminary injunction enjoining the defendant from denying the Secretary of Labor or his authorized representatives entry to the defendants' sand and gravel operation for the purpose of an inspection. The plaintiff's motion will be granted.

The facts pertinent to this motion are relatively simple and appear to be undisputed. Walter Brey is employed by the Federal Mine Safety and Health Administration as a mine inspector. On October 12, 1978, Mr. Brey went to the gravel pit operated by the defendant for the purpose of conducting a safety and health inspection pursuant to the Federal Mine Health and Safety Act of 1977, (FMSHA), 30 U.S.C. § 801 et seq. When he arrived at the pit, Mr. Brey spoke with Bruce Gilbert, a vice president of the defendant company. Mr. Gilbert denied Mr. Brey's request to enter at least in part because Mr. Brey did not have a search warrant at the time of his attempted inspection.

30 U.S.C. § 813(a) provides in relevant part:

"Authorized representatives of the Secretary [of Labor] . . . shall make frequent inspections and investigations in coal or other mines each year for the purpose of . . . (3) determining whether an imminent danger exists, and (4) determining whether there is compliance with the mandatory health or safety standards or with any citation, order or decision issued under this title or other requirements of this Act. In carrying out the requirements of this subsection, no advance notice of an inspection shall be provided to any person, . . . In carrying out the requirements of clauses (3) and (4) of this subsection, the Secretary shall make inspections of each underground coal or other mine in its entirety at least four times a year, and of each surface coal or other mine in its entirety at least two times a year."

Although there is no reference to search warrants in the language of § 813(a), the Senate report regarding FMSHA states: "This is intended to be an absolute right of entry without need to obtain a warrant." S.Rep.No.95–181, 95th Cong. 1st Sess., 1977 U.S.Code Cong. and Admin.News, pp. 3401, 3427.

In seeking injunctive relief to enjoin the defendant from preventing warrantless inspections of its sand and gravel operation, the plaintiff is proceeding under 30 U.S.C. § 818(a)(1) which provides:

"The Secretary may institute a civil action for relief, including a permanent or temporary injunction, restraining order, or any other appropriate order in the

district court of the United States for the district in which a coal or other mine is located or in which the operator of such mine has his principal office, whenever such operator or his agent—

"(A) violates or fails or refuses to comply with any order or decision issued under this Act,

"(B) interferes with, hinders, or delays the Secretary or his authorized representative, or the Secretary of Health, Education and Welfare or his authorized representative, in carrying out the provisions of this Act,

"(C) refuses to admit such representatives to the coal or other mine,

"(D) refuses to permit the inspection of the coal or other mine, or the investigation of an accident or occupational disease occurring in, or connected with, such mine."

The propriety of issuing the injunctive relief sought by the plaintiff hinges on two issues: (1) whether the defendant sand and gravel company is covered by the provisions of FMSHA and (2) whether FMSHA is constitutional insofar as it authorizes warrantless inspections.

With regard to the first issue, the starting point of my analysis is 30 U.S.C. § 802(h)(1) which provides that " 'coal or other mine' means (A) an area of land from which minerals are extracted in nonliquid form . . . ." With regard to this definition, the Senate committee stated that "what is considered to be a mine and to be regulated under this Act" is to be given the broadest possible interpretation and that doubts are to be resolved in favor of inclusion of a facility within the coverage of the Act. S.Rep.No.95–181, 95th Cong., 1st Sess., 1977, U.S.Code Cong. and Admin. News, p. 3414.

■ Since a pit from which sand and gravel are removed falls squarely within the above-quoted definition, the defendant's operation is within the coverage of the FMSHA. This conclusion is supported by the case of *Marshall v. Stoudt's Ferry Preparation Company*, 602 F.2d 589, 592 (3rd Cir. 1979), in which the court found sand

and gravel operations to fall within the jurisdiction of the Act.

With regard to the second issue, the defendant contends that following *Marshall v. Barlow's, Inc.*, 436 U.S. 307, 98 S.Ct. 1816, 56 L.Ed.2d 305 (1978), FMSHA is unconstitutional insofar as it authorizes warrantless inspections of mines. In *Barlow's*, the Supreme Court declared a portion of the Occupational Safety and Health Act of 1970 (OSHA) to be unconstitutional insofar as it authorized warrantless inspections. The Court recognized, however, that a statute might validly authorize a search without a warrant in certain exceptional industries, such as those that are pervasively regulated, typified by *United States v. Biswell*, 406 U.S. 311, 92 S.Ct. 1593, 32 L.Ed.2d 87 (1972) (firearms), and those closely regulated enterprises having a long history of governmental inspection and supervision, *Colonnade Catering Corp. v. United States*, 397 U.S. 72, 90 S.Ct. 774, 25 L.Ed.2d 60 (1970) (liquor).

Both of my colleagues, Chief Judge Reynolds and Judge Warren, sitting in other branches of this district, have considered the instant issue and have concluded the gravel quarries do not fit into the category of exceptional industries cited by the Court in *Barlow's*. *Marshall v. Halquist Stone Co., Inc.*, 78–C–463 (E.D.Wis., September 15, 1978); *Marshall v. Douglas Dewey*, 79–C–114 (March 29, 1979). However, subsequent to these two decisions, two courts of appeals have considered the same issue and have concluded that the inspection provisions of FMSHA are constitutional as applied to sand and gravel plants. *Marshall v. Nolichuckey Sand Co.*, 606 F.2d 693 (6th Cir. 1979); *Marshall v. Stoudt's Ferry Preparation Co.*, 602 F.2d 589 (3rd Cir. 1979).

■ I have considered each of the four above-cited cases and find the latter two more persuasive. In particular, as these two cases point out, the inspection provisions in FMSHA are more narrowly drawn than comparable provisions in OSHA. Moreover, the inspections pursuant to FMSHA are necessarily restricted to the

174

mineral extraction industry which is a "pervasively regulated industry." 602 F.2d at 594. Inspections under OSHA are not restricted to any specific industry. Thus, for the reasons stated in *Nolichuckey* and *Stoudt's*, I find that the inspection provisions in FMSHA are constitutional.

It follows that the plaintiff will probably succeed upon the merits and is entitled to injunctive relief preliminarily enjoining the defendant from barring federal mine inspectors from entering the defendant's sand and gravel operation pursuant to 30 U.S.C. § 813(a).

Therefore, IT IS ORDERED that the plaintiff's motion for a preliminary injunction be and hereby is granted.

IT IS ALSO ORDERED that the defendant and its employees be and hereby are preliminarily enjoined, until further order of this court, from denying the Secretary of Labor or his authorized representatives entry to the defendant's sand and gravel pit for the purpose of inspection pursuant to 30 U.S.C. § 813(a).