Ray MARSHALL, Secretary of Labor, Appellee,

v.

Charles T. SINK, trading and doing business as Sink Coal Company, Sink No. 1 Mine, Appellant.

No. 77–2614.

United States Court of Appeals, Fourth Circuit.

Argued Oct. 4, 1979.

Decided Jan. 24, 1980.

William W. Talbott, Webster Springs, W.Va. (Talbott & Alsop, Webster Springs, W.Va., on brief), for appellant.

Douglas N. Letter, Appellate Staff, Civ. Div., Dept. of Justice, Washington, D. C. (Carin Ann Clauss, Sol., Morell E. Mullins, Associate Sol., Thomas A. Mascolino, Federick W. Moncrief, Ronald Meisburg, Dept. of Labor, Barbara Allen Babcock, Asst. Atty. Gen., and Ronald R. Glancz, Appellate Staff, Civ. Div., Dept. of Justice, Washington, D. C., on brief), for Secretary of Labor.

Before BUTZNER and WIDENER, Circuit Judges, and ROSZEL C. THOMSEN, Senior United States District Judge for the District of Maryland, sitting by designation.

BUTZNER, Circuit Judge:

Charles T. Sink appeals from a decision of the district court upholding the constitutionality of warrantless, routine inspections under the Federal Coal Mine Health and Safety Act of 1969, 30 U.S.C. § 801 *et seq.*, and enjoining Sink from interfering with the inspections of his mine. The sole issue on appeal is whether 30 U.S.C. § 813, authorizing warrantless inspections of mines, violates Sink's fourth amendment right to be free from unreasonable searches. We affirm.

Sink owns and operates without employees a small mine in West Virginia. When federal coal mine inspectors attempted to make a routine inspection of Sink's mine pursuant to 30 U.S.C. § 813, Sink refused entry. The Secretary of the Interior then brought this action requesting the district court to enjoin Sink from interfering with

inspections of the mine.[1] The district court granted a preliminary injunction, and Sink filed this appeal.

The parties do not dispute that coal mine inspections are searches within the meaning of the fourth amendment. Nor is it disputed that § 813(a) authorizes warrantless searches. It is also settled that Sink's mine is subject to federal regulation.[2] The only remaining issue is whether the warrantless inspections authorized by § 813(a) violate Sink's fourth amendment right to be free from unreasonable searches.

·In *Marshall v. Barlow's, Inc.*, 436 U.S. 307, 98 S.Ct. 1816, 56 L.Ed.2d 305 (1978), the Supreme Court, affirming the general rule that warrantless searches are unreasonable, held that warrantless inspections to enforce the Occupational Safety and Health Act of 1970 violate the fourth amendment. *See also Camara v. Municipal Court*, 387 U.S. 523, 87 S.Ct. 1727, 18 L.Ed.2d 930 (1967) (building code); *See v. Seattle*, 387 U.S. 541, 87 S.Ct. 1737, 18 L.Ed.2d 943 (1967) (fire code). *Barlow's* recognized exceptions to this general rule. It affirmed the validity of warrantless searches of premises occupied by businesses that historically have been subject to pervasive governmental regulation. Persons engaging in such businesses have no reasonable expectation of privacy. 436 U.S. at 313, 98 S.Ct. 1816. *See, e. g., United States v. Biswell*, 406 U.S. 311, 92 S.Ct. 1593, 32 L.Ed.2d 87 (1972) (firearms); *Colonnade Catering Corp. v. United States*, 397 U.S. 72, 90 S.Ct. 774, 25 L.Ed.2d 60 (1970) (liquor).

In addition, the Court responded to the argument that requiring warrants for OSHA inspections would invalidate warrantless inspections under all other regulatory schemes by explaining, 436 U.S. at 321, 98 S.Ct. at 1825, that:

> The reasonableness of a warrantless search, however, will depend upon the specific enforcement needs and privacy guarantees of each statute. Some of the statutes cited apply only to a single industry, where regulations might already be so pervasive that a *Colonnade-Biswell* exception to the warrant requirement could apply. Some statutes already envision resort to federal-court enforcement when entry is refused, employing specific language in some cases . . . .

As an illustration of such statutes, the Court referred to 30 U.S.C. § 818, the enforcement provision of the 1977 Mine Safety Act, which is the jurisdictional basis of this proceeding. 436 U.S. at 321–22 n.18, 98 S.Ct. 1816.

Clearly, the validity of a warrantless inspection of Sink's mine depends on whether *Barlow's* general rule or the *Colonnade-Biswell* exception applies. Three courts, relying on this exception, have concluded that warrantless, routine inspections authorized by the Act are permissible. *Marshall v. Nolichuckey Sand Co.*, 606 F.2d 693 (6th Cir. 1979); *Marshall v. Stoudt's Ferry Preparation Co.*, 602 F.2d 589 (3d Cir. 1979); *Youghiogheny and Ohio Coal Co. v. Morton*, 364 F.Supp. 45 (S.D.Ohio 1973) (three-judge court). All three decisions held that the congressional authorization of warrantless searches was not unreasonable because of the strong governmental interest in unannounced inspections, the limitations placed on the searches by the statute, and the pervasive governmental regulation of the mining industry. *Stoudt's Ferry* and *Nolichuckey* distinguish *Barlow's* on the

---

1. Section 813 was enacted originally in 1969. The Federal Mine Safety and Health Amendments Act of 1977, Pub.L.No.95–164, § 201, 91 Stat. 1290 [30 U.S.C. § 813 as amended], expanded its coverage and shifted the responsibility for routine inspections from the Secretary of the Interior to the Secretary of Labor and the Secretary of Health, Education and Welfare. Because the 1977 Mine Safety Act changed none of the substantive provisions of the 1969 Act relevant to this case, the application of either Act would yield the same result. In accordance with *Bradley v. Richmond School Board*, 416 U.S. 696, 711, 94 S.Ct. 2006, 40 L.Ed.2d 476 (1974), we will apply the 1977 Act.

2. This court previously upheld a decision of the Interior Board of Mine Operations Appeals that Sink's mine was subject to the provisions of the Federal Coal Mine and Safety Act of 1969. *In re Sink*, 5 IBMA 217 (1975), *aff'd, Sink v. Kleppe*, 538 F.2d 325 (4th Cir. 1976) (table). *See also Sink v. Morton*, 529 F.2d 601 (4th Cir. 1975).

grounds that inspections under the Coal Act only affect one industry, are limited by specific provisions in the Act, and serve an overriding governmental interest in the safety of miners. Also, as *Stoudt's Ferry* notes, Congress specifically approved *Youghiogheny.*[3] *United States v. Consolidation Coal Co.,* 560 F.2d 214 (6th Cir. 1977), *vacated and remanded,* 436 U.S. 942, 98 S.Ct. 2842, 56 L.Ed.2d 783 (opinion on remand) 579 F.2d 1011 (6th Cir. 1978), on which Sink relies because of its requirement of an administrative warrant, does not conflict with these cases. The criminal nature of the investigation and the seizure of papers in the company's office distinguish *Consolidation* from this appeal, which deals only with a routine safety inspection of Sink's mine.

■ Although Sink's small mine was not subject to federal regulation until 1969, his premises are not exempted from warrantless inspections. *See Marshall v. Nolichuckey Sand Co.,* 606 F.2d 693 (6th Cir. 1979); *Marshall v. Stoudt's Ferry Preparation Co.,* 602 F.2d 589 (3d Cir. 1979). Conditions in his mine may be as hazardous as the general mine conditions that prompted federal regulation. Congress has as legitimate an interest in protecting all persons from these hazardous conditions as it does in protecting any employee in a large mine. Moreover, the Act restricts the invasion of Sink's privacy because inspectors may not forcibly enter a mine. Instead, the Secretary must seek an injunction when an operator refuses to allow an inspection. 30 U.S.C. § 818. As

this case illustrates, this procedure permits the operator to present his objections to a district court before an inspection takes place or any sanctions are imposed. *See Marshall v. Barlow's, Inc.,* 436 U.S. 307, 321–22 n.18, 98 S.Ct. 1816, 56 L.Ed.2d 305 (1978); *cf. Colonnade Corp. v. United States,* 397 U.S. 72, 90 S.Ct. 774, 25 L.Ed.2d 60 (1970).

In concert with the Third and Sixth Circuits, we conclude that 30 U.S.C. § 813 constitutionally authorizes warrantless inspections of coal mines. Sink's mine, though small, is not exempt from these inspections.

AFFIRMED.

**3.** The Senate report on the 1977 Act states:

Section 104(a) authorizes the Secretary of Labor and the Secretary of Health, Education and Welfare to enter upon, or through any mine for the purpose of making any inspection or investigation under this Act. This is intended to be an absolute right of entry without need to obtain a warrant. The Committee notes with approval the decision of the three-judge Federal Court in *Youghiogheny & Ohio Coal Company v. Morton,* 364 F.Supp. 45 (S.D.Ohio 1973) which holds the parallel provision of the Coal Act permitting unannounced warrantless inspection of coal mines constitutional. Safety conditions in the mining industry have been pervasively regulated by Federal and State law. The Committee intends to grant a broad right-of-entry to the Secretaries or their authorized

representatives to make inspections and investigations of all mines under this Act without first obtaining a warrant. This intention is based upon the determination by legislation. The Committee notes that despite the progress made in improving the working conditions of the nation's miners under present regulatory authority, mining continues to be one of the nation's most hazardous occupations. Indeed, in view of the notorious ease with which many safety or health hazards may be concealed if advance warning of inspection is obtained, a warrant requirement would seriously undercut this Act's objectives.

Senate Rep.No.95–181, 95th Cong., 1st Sess. 27, *reprinted in* [1977] U.S.Code Cong. & Admin.News, pp. 3401, 3427.